IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL NOS.** |
| v. | ) | |
| | ) | **1:14-mj-222-AJB-1** |
| **ALLEN J. PENDERGRASS,** | ) | **1:14-cr-1005-GGB-1** |
| | ) | MJ |
| **Defendant.** | ) | |

## O R D E R

Defendant appeared before the undersigned on November 6, 2014, for a proceeding under Rule 5 of the Federal Rules of Criminal Procedure, following his arrest on an arrest warrant and petition for action on conditions of pretrial release issued by the District Court for the Southern District of Ohio at Columbus on October 31, 2014. (*See* Doc. 23 in *United States v. Pendergrass*, Docket No. 2:14-cr-00021-GCS-1) (S.D. Ohio filed Jan. 30, 2014)).  Following a hearing, the Court concludes that there is no probable cause to believe that, while on pretrial release, Defendant committed a Federal, State, or local crime, nor is there clear and convincing evidence that Defendant has violated any other condition of pretrial release.  As a result, the petition and warrant are **DISMISSED** and Defendant is **CONTINUED** on conditions of pretrial release entered on March 6, 2014, except as modified herein.

*A.     Facts*

The record evidence and proffers of the parties at the November 6, 2014, hearing before the undersigned establish the following facts:

1. Defendant initially was arrested in this District and appeared before the undersigned on March 6, 2014, pursuant to Rule 5 on an arrest warrant issued on an indictment returned in the Southern District of Ohio on January 30, 2014, in No. 1:14-cr-00021-GCS.  After consideration of the recommendation of the Pretrial Services Report and the arguments of the lawyers for the parties, the Court released Defendant that date on a $20,000 unsecured bond and release conditions which included that he appear in court as required, not violate the laws of any governmental unit, and restrict his travel to the Northern District of Georgia and, for court and attorney purposes, the Southern District of Ohio.  [*See* Doc. 4].

2. Although Defendant is charged in the Southern District of Ohio, he resides in the Northern District of Georgia and is supervised by this Court's Pretrial Services Office.

3. On August 12, 2014, an arrest warrant was issued against Defendant in Larimer County, Colorado, charging Defendant with fraud and/or theft offenses.  The warrant number was 14-1799.  The Government proffered at the November 6 hearing that the

2

case number of the formal charges against Defendant is 14-1157 in the 8th Judicial District of Colorado, and that the charges are the same in both case numbers.

4.     Review of the State warrant demonstrates that the criminal conduct with which Defendant is charged in Larimer County, Colorado, was committed before Defendant was placed on pretrial release on March 6, 2014, by the undersigned.

5.     At the hearing before the undersigned on November 6, 2014, the Government established that on October 1, 2014, DEA agents encountered Defendant at his home in this District, 441 Highway 279, Fayetteville, Georgia 30214, as they were attempting to arrest another individual. Upon checking for outstanding warrants, the federal agents discovered the Larimer County warrant discussed in paragraphs 3 and 4, arrested Defendant on the outstanding Colorado warrant, and turned him over to the Fayette County, Georgia, Sheriff's Office.

6.     Defendant was extradited from the State of Georgia to the State of Colorado to respond to the Larimer County charges.

7.     The Government established that, to its knowledge, all of the conduct for which Defendant is charged in Colorado occurred before Defendant was placed on federal pretrial release on March 6, 2014.

3

8.     On or about October 3, 2014, the District Court in the Southern District of Ohio at Columbus issued an arrest warrant based on a petition for action on Defendant's supervised release due to Defendant's October 1, 2014, arrest on the Larimer County warrant.  *See* Doc. 1 in No. 1:14-mj-01132-BNB (D. Colo. Oct. 22, 2014); Doc. 21 in No. 2: 14-cr-00021-GCS (S.D. Ohio Oct. 3, 2014) (sealed).

9.     Upon release on bond from the Colorado State charges, Defendant was taken before U.S. Magistrate Judge for the District of Colorado Boyd Boland for a removal hearing on the arrest warrant issued by the Southern District Of Ohio.

10.    Following a hearing on October 22, 2014, Judge Boland dismissed the complaint and warrant, finding that the government conceded that the warrant lacked probable cause.  *See* Doc. 9-1 in No. 1:14-mj-01132-BNB (D. Colo. Oct. 22, 2014).

11.    On October 31, 2014, the Southern District of Ohio at Columbus issued the pending arrest warrant and petition for action on conditions of pretrial release issued by the District Court for the Southern District of Ohio at Columbus on October 31, 2014.  *See* Doc. 23 in No. 2:14-cr-00021-GCS-1 (S.D. Ohio Oct. 31, 2014).

**B.     *Discussion***

The Bail Reform Act of 1984 provides in relevant part that:

4

> A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b). Since the undersigned released Defendant on conditions in March 2014, Magistrate Judge Brill, the criminal duty judge this week, referred the matter to the undersigned.

In order to revoke Defendant's release, the Court must find probable cause to believe that Defendant committed a Federal, State, or local crime while on release, or by clear and convincing evidence, that he has violated any other condition of release. *Id.* § 3148(b)(1)(A), (B). A violation of neither code subsection has been established in this case. As noted, there is no evidence, much less evidence amounting to probable cause, that Defendant committed a Federal, State, or local crime after he was released on conditions on March 6, 2014. The evidence before the Court shows that Colorado law enforcement believe that Defendant committed fraudulent acts, but the affidavit in support of the August 12, 2014, warrant demonstrates no conduct any later than September 2013, approximately 6 months before Defendant was placed on

5

conditions of pretrial release. As a result, the undersigned is not empowered to revoke Defendant's release for the commission of new criminal conduct.

Similarly, the Government presented no evidence that Defendant violated any other condition of release. While the Court was concerned that the October 3, 2014, warrant from the Southern District of Ohio suggested that Defendant was arrested in Colorado—and thus Defendant had traveled to a jurisdiction in violation of the travel restrictions imposed on Defendant—the evidence demonstrates that Defendant was arrested in this District and involuntarily transported via extradition to Colorado to respond to the Larimer County charges. The Government presented no evidence of conduct which would constitute a violation of the conditions of release.

Thus, there are no grounds upon which this Court can revoke Defendant's release pursuant to § 3148(b). The warrant and petition, therefore, are **DISMISSED**.

Since Defendant now must continue to respond to criminal charges in Colorado, his conditions of release are **MODIFIED** to permit him to travel to the District of Colorado for court appearances/obligations and attorney consultations only, and Defendant shall notify his supervising Pretrial Services Officer in advance of such travel and detail for such officer his itinerary. Also, all conditions of release imposed upon Defendant by a judicial officer in the State of Colorado, or by the Southern

District of Ohio at Columbus, are incorporated by reference into Defendant's conditions of release in this District.

All other terms and conditions of Defendant's pretrial release dated March 6, 2014, shall remain in full force and effect.

**IT IS SO ORDERED**, this ___6th___ day of __November__, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE